**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RODERICK DEMMINGS,

    Plaintiff - Appellant,

v.

PACIFIC MARITIME ASSOCIATION;
ILWU LOCAL 19,

    Defendants - Appellees.

No. 13-35976

D.C. No. 2:11-cv-01864-RAJ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted March 15, 2016[**]

Before:  GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

  Roderick Demmings appeals pro se from the district court's judgment in his

employment action alleging discrimination and retaliation in violation of Title VII

and the Washington Law Against Discrimination ("WLAD").  We have

---

  [*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal on the basis of a statute of limitations and under Fed. R. Civ. P. 12(b)(6).  *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004).  We affirm.

The district court properly dismissed as time-barred Demmings's claims that he was discriminated and retaliated against in violation of the WLAD because Demmings failed to file this action within three years of when his claims accrued, which was when Demmings was deregistered in September 2008.  *See* Wash. Rev. Code § 4.16.080(2); *Cox v. Oasis Physical Therapy, PLLC*, 222 P.3d 119, 128-29 (Wash. Ct. App. 2009) (explaining that "[d]iscrimination claims must be brought within three years under the general three-year statute of limitations for personal injury actions" and that "where a discrete act of discrimination is alleged, the limitations period runs from the act" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Demmings's motion to file a second amended complaint, which sought to add four new defendants, because Demmings failed to demonstrate good cause for amending after the deadline.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992) (setting forth standard of review and "good cause" requirement to modify a scheduling order, and explaining circumstances where a party may join

additional defendants after the deadline).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Pacific Maritime Association's requests to take judicial notice, filed on June 11, 2014 and set forth in its answering brief, are denied as unnecessary.

Demmings's request for oral argument, filed on March 16, 2015, is denied.

**AFFIRMED.**